# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GONZALEZ, | Case No. 1:18-cv-00555-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendants. | |
| | (ECF No. 15) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.     Background

Plaintiff Raul Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action in the United States District Court for the Central District of California on April 20, 2018.  (ECF No. 1.)  This action was transferred to the Eastern District on April 25, 2018.  (ECF No. 4.)

On December 28, 2018, the Court granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal. (ECF No. 15.)  Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed for failure to state a claim and failure to obey a court order.  (Id. at 8.)  The deadline for Plaintiff

1

to file a first amended complaint expired on January 30, 2019, and he has not complied with the Court's order or otherwise communicated with the Court.

## II.     Failure to State a Claim

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

///

1        **B.      Plaintiff's Allegations**

2            Plaintiff is currently housed at the California Correctional Institution in Tehachapi,

3    California, where certain of the events in the complaint are alleged to have occurred. Plaintiff

4    names the following defendants in their individual and official capacities: (1) Superior Court of

5    California, County of Kern; (2) Warden Sullivan; (3) Dr. Montegrande; and (4) Captain

6    Gonzales.

7            In the first claim, Plaintiff appears to assert an "access to court" claim against Kern

8    County Superior Court.  Plaintiff contends that he is requesting "all portion of [his] legal

9    documents as follows: Transcript Record, Police Report, DNA Report by the expert, Probation

10   Report."  (ECF No. 1 at 3.)

11           In the second claim, Plaintiff asserts that Warden Sullivan "needs to show cause for

12   keeping [Plaintiff] here longer without the proper documents (all portion of my legal documents)

13   and [Plaintiff] was in Level II now [he has] been lockdown cell in Level III for 3 months now."

14   (Id. at 3.)

15           In the third claim, Plaintiff appears to assert medical issues involving Dr. Montegrande.

16   Plaintiff alleges that Dr. Montegrande knows that he is a member of the Americans with

17   Disabilities Act.  Dr. Montegrande allegedly took Plaintiff's seizure medications and replaced

18   them with medications that he is allergic to.  Plaintiff asserts that he is "bipolar with mental

19   depression because [he's] a veteran."  (Id.)  Dr. Montegrande also allegedly allowed Plaintiff to

20   stay in his cell for more than three months in Level III with limited program, such as shower, day

21   room, library, yard "and dirty kitchen on trays and ground floor!"  (Id.)

22           In the fourth claim, Plaintiff alleges that Captain Gonzales "knows that [he] should not be

23   here in level III for no cause [disciplinary] violation, but for more than three months now with

24   limited program & access."  (Id. at 4.)

25           As relief, Plaintiff seeks damages in the amount of $1.7 million.

26   **C.      Discussion**

27           Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20

28   and fails to state a cognizable claim for relief.

3

### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Although Plaintiff's complaint is short, it lacks sufficient factual matter necessary for the Court to determine if Plaintiff states a claim to relief that is plausible on its face. At a minimum, Plaintiff's complaint fails to clearly and succinctly state what happened, when it happened and who was involved.

### 2. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim related to his mental health treatment and placement against one set of defendants while simultaneously asserting an access to courts claim against a different set of defendants. Unrelated claims involving multiple defendants belong in different suits.

4

### 3. Kern County Superior Court

Plaintiff cannot state a claim against the Kern County Superior Court because such suits are barred by the Eleventh Amendment. See Simmons v. Sacramento Cty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment").

### 4. Official Capacity

To the extent Plaintiff is attempting to pursue damages claims against the remaining named defendants in their official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed against defendants in their individual capacities for monetary damages and in their official capacities for injunctive relief.

### 5. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. In order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348; Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3); Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

As indicated above, Plaintiff cannot state an access to court claim against the Kern County Superior Court because it is immune from suit. Plaintiff's complaint also does not state an access to court claim against any individual defendant. Plaintiff has not identified a criminal appeal,

habeas petition or civil rights action connected to this claim. He also has not alleged any actual injury from his request for court documents.

### 6. Custody Level

Although not entirely clear, Plaintiff appears to assert a claim regarding his custody level. However, a prisoner does not have a right to a particular classification or custody level under the Due Process Clause. See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) ("'[A] prisoner has no constitutional right to a particular classification status.'") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Further, Plaintiff cannot state a cognizable claim under the Eighth Amendment based on his alleged improper classification. Myron, 476 F.3d at 719 (finding that alleged improper classification to a "level IV" prison does not amount to an infliction of pain and is not condemned by the Eighth Amendment).

To the extent Plaintiff is attempting to challenge his conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

### 7. Eighth Amendment

Although not entirely clear, it appears Plaintiff may be attempting to assert a claim regarding his medical treatment. However, a prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's complaint fails to contain sufficient facts for the Court to determine if he states a cognizable deliberate indifference claim against any defendant. At best, Plaintiff's complaint

alleges that Dr. Montegrande prescribed him medications that he was allergic to. However, there is no factual assertion that Dr. Montegrande knew that Plaintiff was at risk of an allergic reaction to certain medications or that Plaintiff suffered any harm from his medical treatment.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, the action has been pending since April 2018, and Plaintiff's first amended complaint is overdue. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs

against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's December 28, 2018 order expressly warned Plaintiff that his failure to comply with that order would result in a dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim. (ECF No. 15, p. 8.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendations**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915A, failure to obey the Court's December 28, 2018 order (ECF No. 15), and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to

9

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **February 11, 2019**                    /s/ *Barbara A. McAuliffe*   _
                                                    UNITED STATES MAGISTRATE JUDGE